UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GABRIELA DEL CASTILLO, | ) |
|     Plaintiff, | ) |
| v. | ) No. |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC, d/b/a ARS ACCOUNT RESOLUTION SERVICES, | ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, GABRIELA DEL CASTILLO ("Plaintiff"), by and through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, d/b/a ARS ACCOUNT RESOLUTION SERVICES ("Defendant").

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

3. Count III of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. § 392, et seq. ("TDCA").

### JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

5. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such

1

actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

6. This court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

8. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

9. Plaintiff is a natural person residing in the City of Houston, Harris County, State of Texas.

10. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

11. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

12. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

13. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

15. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

16. Defendant is a national collection agency based in the City of Sunrise, Broward County, State of Florida.

17. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding

account balances.

18. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

19. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

20. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

21. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

22. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

23. Defendant is attempting to collect a consumer debt from Plaintiff.

24. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

25. In or around January 2020, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

26. Defendant calls Plaintiff on her cellular telephone number at xxx-xxx-0845 and office telephone number at xxx-xxx-3414, in an attempt to collect the alleged debt.

27. Defendant calls Plaintiff from 832-669-5684, which is one of Defendant's telephone numbers.

28. On or about April 1, 2020, Plaintiff received a collection call from Defendant that went unanswered.

3

29. On or about April 1, 2020 at 11:40 a.m., Plaintiff returned Defendant's collection call and spoke with one of Defendant's collectors.

30. During the conversation, Plaintiff advised Defendant's collector that Defendant was calling the wrong number.

31. During the conversation, Plaintiff requested for Defendant to stop calling her.

32. During the conversation, Defendant's collector told Plaintiff that Defendant would stop calling her and advised Plaintiff that her telephone numbers would be removed from Defendant's call list.

33. Despite the foregoing, Defendant continued to call Plaintiff on Plaintiff's telephones in an attempt to collect the alleged debt.

34. Defendant continued to call Plaintiff with the intent to harass Plaintiff.

35. On about April 16, 2020 at 2:14 p.m., Plaintiff's attorney faxed a cease and desist request to Defendant requesting for Defendant to cease all further communication to Plaintiff.

36. The cease-and-desist request also notified Defendant that Plaintiff was represented by an attorney with respect to the alleged debt.

37. On or about April 15, 2020 at 2:21 p.m., Plaintiff's attorney received confirmation that the cease and desist request faxed to Defendant succeeded.

38. Despite receiving Plaintiff's cease-and-desist request from Plaintiff's attorney, Defendant continued to place calls to Plaintiff in an attempt to collect the alleged debt including, but not limited to, on or about April 17, 2020 at 11:15 a.m.

39. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

40. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

41. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

42. Defendant has never had Plaintiff's prior express consent to call her cellular telephone with an automatic telephone dialing system.

43. Even if Defendant somehow had Plaintiff's consent, such consent was revoked as described above.

44. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

45. Within four (4) years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

46. When Plaintiff answered Defendant's calls, she was sometimes greeted with "dead air" whereby no person was on the other end of the line.

47. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

48. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

49. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

50. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

51. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the

capacity to call telephone numbers randomly.

52. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

53. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

54. Within four (4) years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

55. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

56. The dead air that the Plaintiff may have experienced on the calls that she received is indicative of the use of an ATDS. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus, resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff. The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them. Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

57. As a result of Defendant's alleged violations of law by placing these automated calls to

Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;

   b. Electronically intruding upon Plaintiff's seclusion;

   c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone; and

   e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

58. On or about April 14, 2020 at 6:12 p.m., Defendant left the following voicemail message on Plaintiff's cellular telephone:

   a. "This is HRRG calling. Please return our call at 1-800-567-1757. HRRG is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please do not erase this message until you return our call at 1-800-567-1757. Visit us at hrrgcollections.com."

59. On or about April 15, 2020 at 12:26 p.m., Defendant left the following voicemail message on Plaintiff's work telephone:

   a. "This is HRRG calling. Please return our call at 1-800-567-1757. HRRG is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please do not erase this message until you return our call at 1-800-567-1757. Visit us at hrrgcollections.com."

60. The telephone number 800-567-1757 belongs to Defendant.

61. The website www.hrrgcollections.com belongs to Defendant.

62. Defendant is or should be familiar with the FDCPA and TDCA.

63. Defendant knows or should know the FDCPA and TDCA require a debt collector to disclose the caller's identity when communicating with a consumer.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

64. Plaintiff repeats and realleges paragraphs 1-63 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

65. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692c(a)(2) of the FDCPA by communicating with a consumer when the debt collector knows the consumer is represented by an attorney with respect to such debt, when Defendant continued to place collection calls to Plaintiff after receiving notice that Plaintiff was represented by an attorney;

   b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant inundated Plaintiff with collection calls after Plaintiff notified Defendant's collector that Defendant was calling the wrong number and after Plaintiff requested for Defendant to stop calling her list – and continued to do so after Defendant received a cease and desist request from Plaintiff's attorney;

   c. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant

8

    inundated Plaintiff with collection calls after Plaintiff notified Defendant's collector that Defendant was calling the wrong number and after Plaintiff requested for Defendant to stop calling her list – and continued to do so after Defendant received a cease and desist request from Plaintiff's attorney;

d. Defendant violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant failed to disclose the communication was from Healthcare Revenue Recovery Group during voicemail messages left on Plaintiff's telephones;

e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Plaintiff's request for Defendant to stop calling her;

f. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Plaintiff's request for Defendant to stop calling her; and

g. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt when Defendant engaged in all the misconduct alleged herein.

    WHEREFORE, Plaintiff, GABRIELA DEL CASTILLO, respectfully request judgment be entered against Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, d/b/a

ARS ACCOUNT RESOLUTION SERVICES, for the following:

   a. Statutory damages of $1,000.00 for each Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 § U.S.C. 1692k;

   b. Costs and reasonable attorneys' fees for each Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

   c. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

66. Plaintiff repeats and realleges paragraphs 1-63 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

67. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, GABRIELA DEL CASTILLO, respectfully requests judgment be entered against Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, d/b/a ARS ACCOUNT RESOLUTION SERVICES for the following:

   a. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

   b. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

    c. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

    d. Any other relief that this Honorable Court deems appropriate.

## COUNT III:
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

68. Plaintiff repeats and realleges paragraphs 1-59 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

69. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code § 392.302(2) by placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number, when Defendant failed to disclose the communication was from Healthcare Revenue Recovery Group during voicemail messages left on Plaintiff's telephones; and

    b. Defendant violated Tex. Fin. Code § 392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number, when Defendant inundated Plaintiff with collection calls after Plaintiff notified Defendant's collector that Defendant was calling the wrong number and after Plaintiff requested for Defendant to stop calling her list – and continued to do so after Defendant received a cease and desist request from Plaintiff's attorney.

WHEREFORE, Plaintiff, GABRIELA DEL CASTILLO, respectfully requests judgment be entered against Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, d/b/a ARS ACCOUNT RESOLUTION SERVICES, for the following:

a. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

b. For attorneys' fees, costs and disbursements;

c. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

d. For any such other and further relief, as well as further costs, expenses and disbursements for this action, as this court may deem just and proper.

DATED: May 13, 2020          RESPECTFULLY SUBMITTED,

By: /s/ Taylor L. Kosla
Taylor L. Kosla
IL State Bar #: 6327180
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
taylor@agrusslawfirm.com
Attorneys for Plaintiff