UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GABRIELA DEL CASTILLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-01680 |
| ) | |
| HEALTHCARE REVENUE RECOVERY ) | |
| GROUP, LLC, d/b/a ARS ACCOUNT ) | |
| RESOLUTION SERVICES, ) | |
| ) | |
| Defendant. ) | |

**JOINT DISCOVERY/CASE MANEMENT PLAN UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

The undersigned counsel have conferred and jointly prepared the following report pursuant to the May 14, 2020 Order for Conference.

1) **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

    The parties conferred by telephone on June 26 2020. The conference was attended by

    Taylor Kosla, counsel for Plaintiff, Gabriela Del Castillo ("Plaintiff") and Yesha Patel,

    counsel for Defendant, Healthcare Revenue Recovery Group, LLC ("Defendant").

2) **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

3) **Briefly describe what this case is about.**

    Plaintiff:

    Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15

    § U.S.C. 1692 et seq. ("FDCPA") by attempting to collect a debt from Plaintiff.

Plaintiff alleges that Defendant violated the 15 § U.S.C. 1692c(a)(2) of the FDCPA by communicating with Plaintiff after receiving notice that Plaintiff was represented by an attorney. Plaintiff alleges that Defendant violated the 15 § U.S.C. 1692d and d(5) of the FDCPA by placing calls to Plaintiff after Plaintiff requested for Defendant to stop calling her.  Plaintiff alleges that Defendant violated the 15 § U.S.C. 1692e and e(10) by creating the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Plaintiff's request for Defendant to stop calling her. Plaintiff alleges Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt when Defendant engaged in the foregoing conduct

Plaintiff alleges Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (b)(1)(A)(iii) ("TCPA") by placing non-emergency telephone calls and text messages to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice.

Plaintiff further alleges that Defendant violated the Texas Debt Collection Act, Tex. Fin. Code § 392.302(2) by placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number. Plaintiff alleges that Defendant violated Tex. Fin. Code § 392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Defendant:

Defendant denies Plaintiff's claims or any liability to Plaintiff. Defendant contends that it complied with the FDCPA, TCPA, TDCA and any other applicable state and/or federal laws and statutes. Any violation of the FDCPA, which is specifically denied, was not intentional and resulted from a bona-fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Any violation of the TDCA, which is specifically denied, resulted from a good-faith error that occurred notwithstanding the use of reasonable procedures adopted to avoid the error. Defendant contends that Plaintiff has not suffered any alleged actual damages, and Plaintiff lacks standing to assert the claims alleged in Plaintiff's Complaint. Plaintiff lacks Article III standing to the extent Plaintiff is unable to show that Plaintiff incurred any concrete and particularized injury. Defendant further contends that Plaintiff's claims may be barred by the doctrines of waiver, failure to mitigate damages, estoppel, laches, and/or unclean hands.

4) **Specify the allegation of federal jurisdiction**.

This court has jurisdiction pursuant to §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA). This court has jurisdiction under the Telephone Consumer Protect Act, 47 U.S.C. § 227, *et seq*., as well as pursuant to 28 U.S.C. §§ 1331 and 1337. Venue and personal jurisdiction in this District are proper because a material portion of the events at issue occurred in this District.

5) **Name the parties who disagree and the reasons.**

The parties do not disagree on the allegation of federal jurisdiction.

6) **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None at this time, however, the parties reserve the right to add additional parties at a later date if necessary.

7) **List anticipated interventions.**

   None.

8) **Describe class-action issues.**

   None.

9) **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The Parties have not made Rule 26(a) initial disclosures. The parties agree to exchange disclosures by July 10, 2020.

10) **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

       Responses to all matters will be made by August 31, 2020.

    B. **When and to whom the plaintiff anticipates it may send interrogatories:**

       Plaintiff anticipates sending interrogatories to Defendant by way of defense counsel. Plaintiff will propound discovery by July 24, 2020, and will serve additional interrogatories, as needed, up to 30 days prior to the discovery deadline entered by the Court.

    C. **When and to whom the defendant anticipates it may send interrogatories:**

       Defendant anticipates serving interrogatories to Plaintiff by way of plaintiff's counsel. Defendant will propound discovery by August 07, 2020, and will serve

additional interrogatories as needed, up to 30 days prior to the discovery deadline entered by the Court.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking oral depositions of Defendants' corporate representatives pursuant to Fed. R. Civ. P. 30(B)(6), and any other individuals who are identified in interrogatories as having knowledge regarding Plaintiff's allegations. Plaintiff anticipates taking oral depositions by September 14, 2020.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking oral deposition of Plaintiff, any of Plaintiff's trial witnesses, any other individuals who are identified in initial disclosures, and interrogatories as having knowledge of the facts in this case, and any third parties with knowledge. Defendant anticipates taking oral depositions by October 14, 2020.

F. **When Plaintiff will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Both parties anticipate the use of experts in this case. Plaintiff will designate experts and provide the reports required by 26(a)(2)(B) by December 8, 2020. Defendant will designate experts and provide the reports required by 26(a)(2)(B) by January 12, 2021.

G. **Expert depositions that the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff will depose Defendant's designated expert, if one is disclosed. Plaintiff anticipates taking expert depositions by March 19, 2021.

    H. **Expert depositions that the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Defendant will depose Plaintiff's designated expert, if one is disclosed.

    Defendant anticipates taking expert depositions by April 02, 2021.

11) **If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

The Parties are in agreement on the discovery plan.

12) **Specify the discovery beyond initial disclosures that has been undertaken to date.**

The Parties have not undertaken discovery beyond initial disclosures at this time, however, agree to work together to informally exchanging information in an attempt to streamline the issues.

13) **State the date the planned discovery can be reasonably completed.**

All written and oral discovery will be completed by April 19, 2021.

14) **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your rule 26(f) meeting.**

The Parties believe there is a possibility of settlement after discovery is completed.

15) **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    a. <u>Plaintiff:</u> Plaintiff has engaged in and continues to engage in good faith settlement negotiations with Defendant.

    b. <u>Defendant</u>: Defendant is still evaluating Plaintiff's claims and will engage in settlement negotiations in good faith.

16) **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such techniques may be effectively used in the case.**

Should the Parties fail to come to a resolution, the Parties will consider conducting a Mediation at least 60 days before trial.

17) **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The Parties do not consent to a trial before a Magistrate Judge.

18) **State whether a jury demand has been made and if was made on time.**

    A jury demand has not yet been made.

19) **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate it will take 8-16 hours to present the evidence in this case.

20) **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21) **List other motions pending.**

    None.

22) **Indicate other matters peculiar to this case, including discovery issues, that deserve the special attention of the court at the conference.**

    None.

23) **Certify that all parties have filed Disclosure of Interested Parties, as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original disclosures and any amendments.**

    Plaintiff filed her Disclosure of Interested Parties on June 23, 2020.

    Defendant filed its Disclosure of Interested Parties on June 8, 2020.

**24) List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiff:

Taylor Kosla
IL SBN: 6327180
**Agruss Law Firm, LLC**
4809 N. Ravenswood Ave.
Suite 419
Chicago, IL 60640
Tel: 312-224-4695
taylor@agrusslawfirm.com


Counsel for Defendant:

Jason R. Jobe
State Bar No. 24043743
jjobe@thompsoncoe.com
Yesha P. Patel
State Bar No. 24098228
ypatel@thompsoncoe.com
**Thompson, Coe, Cousins, & Irons, L.L.P.**
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Tel.: (214) 871-8200
Fax: (214) 871-8209

DATED:  June 30, 2020

RESPECTFULLY SUBMITTED,

**/s/ Taylor Kosla**                    __June 30, 2020__
**Taylor Kosla**                        Date
Counsel for Plaintiff


**/s/  Jason R. Jobe**                  __June 30, 2020__
                                        Date
Counsel for Defendant

DATED:  June 30, 2020

RESPECTFULLY SUBMITTED,

**/s/ Taylor Kosla**                    __June 30, 2020__
**Taylor Kosla**                        Date
Counsel for Plaintiff


**/s/  Jason R. Jobe**                  __June 30, 2020__
                                        Date
Counsel for Defendant